IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ASMAR NAFIS NEWSOME, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J. RAY ORMOND, Warden, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.: 2:18-cv-249 |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Asmar Nafis Newsome's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 11. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 11, be **GRANTED**, and Petitioner's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKROUND

On May 5, 2010, Petitioner was charged in a nineteen-count superseding indictment in the United States District Court for the Eastern District of Virginia, Newport News Division. *United States v. Newsome*, 4:10cr53 (ECF No. 6). On July 7, 2010, Petitioner pled guilty to counts one and fifteen of the superseding indictment, conspiracy to possess with intent to distribute cocaine pursuant to 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c). *Id.* (ECF Nos. 6, 23). Petitioner was sentenced on December 22, 2010, to a term of 168 months for count one and a term of sixty months for count fifteen to be served consecutively, for a total of 228 months' imprisonment. *Id.* (ECF No. 36).

On September 7, 2011, Petitioner submitted a letter to the chambers of the sentencing United States District Judge seeking clarification of his sentence. *Id.* (ECF No. 41). On September 29, 2011, the Court issued an Order construing Petitioner's letter as a motion to correct his sentence under 28 U.S.C. § 2255 seeking relief on the grounds that he was wrongly attributed criminal history points for a charge that had been dismissed. *Id.* (ECF No. 44). The Order provided Petitioner an opportunity to respond consistent with *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). *Id.* On December 2, 2011, Petitioner acknowledged receipt of the Court's Order and did not challenge the Court's construction of his letter as a § 2255 motion. *Id.* (ECF No. 48). The Court then Ordered the Government to respond to Petitioner's § 2255 letter-Motion. *Id.* (ECF No. 49). On February 1, 2012, the Government filed a response to Petitioner's letter-Motion. *Id.* (ECF No. 56). On February 8, 2012, the Court issued an Order denying Petitioner's letter-Motion. *Id.* (ECF No. 58). Petitioner was advised of his right to appeal the

Court's Order denying Petitioner's § 2255 letter-Motion within sixty days. *Id.* Petitioner did not appeal.

Subsequently, on August 19, 2013, Petitioner filed a Second Motion to Vacate under 28 U.S.C. § 2255. *Id.* (ECF No. 65). On August 25, 2014, Petitioner filed a Third Motion to Vacate under 28 U.S.C. § 2255. *Id.* (ECF No. 77). Petitioner filed numerous other sentence-related motions between October 2014 and January 2018. *Id.* (ECF Nos. 80, 83, 112, 117, 119). Each of these motions were denied. *Id.* (ECF Nos. 66, 78, 81, 85, 113, 118, 120).

On May 14, 2018, Petitioner filed the instant Petition seeking relief pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, Petitioner argues that he was given a three-level leadership enhancement under USSG § 3B1.1(b), application of which he argues was proper at the time of his sentence but is now improper following the Fourth Circuit decision in *United States v. Slade*, 631 F.3d 185 (4th Cir. 2011).[1] *Id.* at 5-6. On February 8, 2019, Respondent filed a Motion to Dismiss for lack of jurisdiction, contending that Petitioner's Petition is improperly filed under § 2241. ECF No. 11. Petitioner did not file a response to Respondent's Motion and the time to do so has expired. As such, this matter is ripe for recommended disposition.

## II. ANALYSIS

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL

---

[1] In *Slade*, the Fourth Circuit vacated and remanded the defendant's sentence because it determined there was insufficient evidence to demonstrate defendant exercised supervisory responsibility over his co-conspirators such that it would give rise to a leadership enhancement under the sentencing guidelines. *Slade*, 631 F.3d at 189-192.

3

6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

A motion under § 2255 provides the primary means for a prisoner to collaterally attack his federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Relief under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision or because they are procedurally barred from filing a § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 2010); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner typically cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, a petitioner can file a second § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Petitioner has previously filed several § 2255 motions, Petitioner must request leave to seek a subsequent § 2255. However, a Petitioner may seek relief under § 2241 where relief under § 2255 is "'inadequate or ineffective to test the legality of . . .

4

detention.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018) sets out a four-part test that determines if a petitioner may challenge the legality of sentencing errors under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit our the Supreme Court established the legality of the sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or consecutive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Respondent contends that Petitioner fails to satisfy the *Wheeler* test. ECF No. 11, attach. 1 at 5-8. This Court agrees.

Specifically, Petitioner has failed in several respects to satisfy prong two of the *Wheeler* test. To satisfy prong two, Petitioner must show that "subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 428.

Regarding the timing aspects implicated by prong two, Petitioner's first § 2255, as construed by the Court, was filed on September 7, 2011, a date after the Fourth Circuit's January 27, 2011 decision in *Slade*. As such, there was nothing preventing Petitioner from raising his instant argument in his original § 2255 motion.[2] *Id.* (ECF No. 41). "Under [*Wheeler*] a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, a prisoner had

---

[2] Petitioner argues that he did not want his September 7, 2011 letter to be construed as a motion and the Court misunderstood Petitioner's subsequent letter acknowledging receipt of the Court's Order. ECF No. 1 at 4; *see Newsome*, 4:10cr53 (ECF No. 48). Even if Petitioner did not intend his letter to be interpreted as a Motion and the Court misunderstood Petitioner's response to its Order, the Court notes that Petitioner did not raise any argument related to *Slade* in his Second Motion to Vacate or his Third Motion to Vacate under 28 U.S.C. § 2255. *Newsome*, 4:10cr53 (ECF Nos. 65, 77).

an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and . . . must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Petitioner in this case had an unobstructed procedural shot at filing a § 2255 motion and, as construed by the Court, Petitioner filed such a motion challenging his sentence, but this motion was absent any mention of *Slade*. *Newsome*, 4:10cr53 (ECF No. 41). As such, because Petitioner had an opportunity to utilize a § 2255 petition to raise the arguments he now raises in his § 2241 Petition, "a § 2241 motion is unavailable to him." *Rice*, 617 F.3d at 807. As such, notwithstanding the substance of the *Slade* decision, Petitioner has failed to meet the timing requirements of prong two of *Wheeler*.

Regarding the substantive aspects of prong two, Respondent contends, and the Court agrees, that *Slade* does not constitute a substantive change in the law, as the Fourth Circuit merely concluded that the lower court erred in applying the existing three-level leadership enhancement based on the facts. ECF No. 11, attach. 1 at 7; *Slade*, 631 F.3d at 189-192 (finding insufficient evidence to demonstrate defendant exercised supervisory responsibility over his co-conspirators). Further, while Petitioner incorrectly contends that the *Slade* decision constituted a change to settled law, Petitioner concedes in his Petition that *Slade* was not made retroactive. ECF No. 1 at 5. As such, Petitioner has failed to satisfy the substantive aspects of prong two as the *Slade* decision does not constitute a substantive change in the law nor has it been deemed to apply retroactively.

Because Petitioner has failed to satisfy the *Wheeler* test, he may not raise his instant challenge by way of § 2241 and this Court lacks jurisdiction to consider Petitioner's Petition.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 11, be **GRANTED**, and Petitioner's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Adams is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2019

8